No. 24-1855

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

IBRAHIM ALZANDANI

    Plaintiff

and

Y.A., a Minor by Next Friend Ibrahim Alzandani; W.A., a Minor by Next Friend Nadhem Alnajar; A.M., a Minor by Next Friend Abraham Muzib

    Plaintiffs - Appellees

v.

HAMTRAMCK PUBLIC SCHOOLS

    Defendant

and

MICHIGAN DEPARTMENT OF EDUCATION

    Defendant – Appellant

Appeal from the United States District Court
Eastern District of Michigan, Southern Division

Honorable Brandy R. McMillion

# DEFENDANT-APPELLANT'S REPLY BRIEF

Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Marissa Wiesen (P85509)
Assistant Attorneys General
Attorneys for Appellant
Michigan Department of Education
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov
wiesenm@michigan.gov

Dated: January 30, 2025

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................ ii

Introduction .............................................................................................. 1

Argument .................................................................................................. 1

I.     The District Court erred in determining that Eleventh Amendment immunity is abrogated for Plaintiffs' Title II claims. ................................................................................................ 1

    A.     Plaintiffs still fail to identify which aspects of MDE's alleged misconduct violated Title II of the ADA. ................... 2

    B.     Plaintiffs have not pled a violation of the Fourteenth Amendment. .............................................................................. 3

    C.     Even if Plaintiffs had pled a Title II claim, MDE's alleged actions are not part of a class of conduct that abrogates Eleventh Amendment immunity because their claim sounds in equal protection principles. ................. 6

Conclusion and Relief Requested ............................................................ 7

Certificate of Compliance ......................................................................... 9

Certificate of Service .............................................................................. 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................... 3, 5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ........................................................................ 5

*D.R. v. Michigan Department of Education*,
 No. 16-13694, 2017 WL 4348818, *9 (E.D. Mich. Sept. 29, 2017) ... 6, 7

*Goss v. Lopez*,
 419 U.S. 564 (1975) ........................................................................ 5

*Jasinski v. Tyler*,
 729 F.3d 531 (6th Cir. 2013) ........................................................... 5

*Plyler v. Doe*,
 457 U.S. 202 (1982) ........................................................................ 4

*Popovich v. Cuyahoga County Court of Common Pleas*,
 276 F.3d 808 (2002) .................................................................... 6, 7

*San Antonio Indep. Sch. Dist. v. Rodriguez*,
 411 U.S. 1 (1973) ............................................................................ 4

*United States v. Georgia*,
 546 U.S. 151 (2006) ............................................................... passim

*Willowbrook v. Olech*,
 528 U.S. 562 (2000) ........................................................................ 4

# INTRODUCTION

The Eleventh Amendment bars Plaintiff-Appellees' claims under Title II of the Americans with Disabilities Act (ADA). Plaintiffs' brief makes it clear that they cannot meet any part of the required three-prong *Georgia* test to overcome Defendant-Appellant Michigan Department of Education's (MDE) Eleventh Amendment immunity. *See United States v. Georgia,* 546 U.S. 151 (2006). Therefore, the District Court's decision denying MDE's motion to dismiss Plaintiffs' Title II claim based on Eleventh Amendment immunity must be vacated.

# ARGUMENT

**I. The District Court erred in determining that Eleventh Amendment immunity is abrogated for Plaintiffs' Title II claims.**

Plaintiffs concede that the District Court did not consider the test required by *Georgia* when assessing if Eleventh Amendment immunity was abrogated for Plaintiffs' Title II claim. (*See* Appellees' Br. at 4.)[1] This alone is enough to call for vacatur of the District Court's decision.

---

[1] The page numbers cited to herein referencing Plaintiffs' brief refer to the ECF generated page number, not the embedded pagination of the brief.

Applying the *Georgia* test, as more fully explained below and in MDE's initial brief, Plaintiffs have not met *any* prong of the three-part *Georgia* test, and this Court should hold that MDE is entitled to immunity.

### A. Plaintiffs still fail to identify which aspects of MDE's alleged misconduct violated Title II of the ADA.

Contrary to Plaintiffs' contentions, they did not allege facts in the First Amended Complaint that demonstrate MDE violated Title II of the ADA. (*See* Appellees' Br. at 12–13.) They fare no better on appeal.

In their brief, Plaintiffs set forth two examples in which MDE found violations of the Individuals with Disabilities Education Act (IDEA) by Hamtramck Public Schools (HPS), a separate defendant. (*Id.*) But these examples are irrelevant here because they allege conduct by HPS—not MDE—and that conduct allegedly violates the IDEA—not Title II of the ADA. (*See* First Amended Complaint, R. 46, PageID # 592–593, ¶¶ 110–111.)

Plaintiffs next point to allegations that MDE ordered student level and district level correction action plans to rectify HPS' IDEA violations. (*Id.*, PageID # 593–594, ¶¶ 111, 116; Appellees' Br. at 13.) Plaintiffs then rely on their conclusory allegation that MDE "failed to

monitor or enforce" the correction action plans. (Appellees' Br. at 13.) But this single allegation is a "naked assertion[]" unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (*See* First Amended Complaint, R. 46, PageID # 594, ¶ 118.) And, even if the allegation was somehow supported by facts, it does not establish any element of a Title II claim, and Plaintiffs provide no supporting analysis demonstrating otherwise.

Accordingly, Plaintiffs cannot meet the first prong of the *Georgia* analysis and thus, Count III as to MDE fails and is barred by the Eleventh Amendment.

### B. Plaintiffs have not pled a violation of the Fourteenth Amendment.

As to the second prong of the *Georgia* test, Plaintiffs concede that their First Amended Complaint does not assert a Fourteenth Amendment violation. (Appellees' Br. at 13.) And, despite Plaintiffs' argument to the contrary, the First Amended Complaint does not contain factual allegations that support a Fourteenth Amendment violation.

Plaintiffs start by conceding there is no substantive due process right at issue. (Appellees' Br. at 13.) Instead, relying on *Plyler v. Doe*,

3

457 U.S. 202, 221 (1982), Plaintiffs argue that education is a governmental "benefit" and important in maintaining basic institutions. (Appellees' Br. at 8–10.) But this sentiment is irrelevant to the issue in this case. The *Plyler* decision duly notes that "[p]ublic education is not a 'right' granted to individuals by the Constitution." 457 U.S. at 221 (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973)). Hence, *Plyer* does not create a due process right that would implicate the Fourteenth Amendment and lead to abrogation of Eleventh Amendment immunity here.

To the extent Plaintiffs rely on *Plyer* to support an equal protection violation, they fail to identify what conduct alleged in the First Amended Complaint would support any element of an equal protection violation. (*See* Appellees' Br. at 15.) The pleadings do not support an equal protection claim as they do not allege any disparate impact caused by any MDE action, discriminatory intent, or MDE conduct that is unsupported by a rational basis. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiffs also attempt, for the first time, to raise a procedural due process violation. (Appellees' Br. at 15–16.) But the First Amended

4

Complaint clearly lacks enough facts to establish a procedural violation. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007); *Iqbal,* 556 U.S. at 678. Plaintiffs argue they have pled a property right in their entitlement to public education as established in *Goss v. Lopez*, 419 U.S. 564 (1975). But identifying a property interest is only *one* element of a procedural due process claim. *See Jasinski v. Tyler*, 729 F.3d 531, 541 (6th Cir. 2013) (setting forth the three elements of a procedural due process claim: "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the interest.") (internal quotations omitted). Here, Plaintiffs do not allege that MDE deprived them of their access to education services or that MDE did not afford them with adequate procedural rights prior to such deprivation. *Id.* And Plaintiffs' contention that their "complaints made to the MDE were left unresolved" is not only unsupported, but entirely inconsistent with their allegations that MDE "investigated" Plaintiffs' complaints, determined HPS violated the IDEA, and issued corrective action plans

5

for HPS to implement. (Appellees' Br. at 16; First Amended Complaint, R. 46, PageID # 592–594, ¶¶ 109–111, 114–116.)

Thus, Plaintiffs have not pled a Fourteenth Amendment violation and cannot satisfy the second prong of the *Georgia* analysis.

**C.     Even if Plaintiffs had pled a Title II claim, MDE's alleged actions are not part of a class of conduct that abrogates Eleventh Amendment immunity because their claim sounds in equal protection principles.**

Even assuming arguendo that Plaintiffs stated a valid Title II claim (they have not), they still fail to demonstrate the third prong of the *Georgia* test. MDE's sovereign immunity under the Eleventh Amendment is not abrogated because Plaintiffs' claims sound in equal protection principles and thus cannot abrogate immunity consistent with this Court's en banc decision in *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808 (2002) (en banc). Plaintiffs do not even attempt to distinguish *Popovich* or contend that this case is not bound by its holding. Plaintiffs simply ignore this binding precedent.

Instead, Plaintiffs continue to focus on the District Court's reliance on *D.R. v. Michigan Department of Education*, No. 16-13694, 2017 WL 4348818, *9 (E.D. Mich. Sept. 29, 2017), which found that Eleventh Amendment immunity is abrogated in the context of public

education. However, *D.R.* is not binding precedent as an unpublished District Court opinion. And, as pointed out in MDE's brief, *D.R.* was wrongly decided based on *Popovich* and *Georgia*. *See Popovich*, 276 F.3d at 816; *Georgia*, 546 U.S. at 159.

Likewise, the out-of-circuit cases cited by Plaintiffs are not binding and offer nothing to support abrogation here. (Appellees' Br. at 17–18.) Though the Supreme Court has not articulated what "class[es] of conduct" may abrogate immunity without a valid Fourteenth Amendment violation, the Court made clear that each claim must be assessed on a "claim-by-claim[]" basis. *Georgia*, 546 U.S. at 159. Thus, to assert abrogation for any claim that *possibly* touches on public education flies in the face of the Supreme Court's directive. And particularly, here, where Plaintiffs' allegations do not support a Title II or Fourteenth Amendment claim, the Court should not abrogate the State's sovereign immunity.

## CONCLUSION AND RELIEF REQUESTED

For the reasons addressed above and in MDE's initial brief, MDE asks this Court to vacate the District Court's decision denying its motion to dismiss Count III of the First Amended Complaint and

remand for entry of an order dismissing the ADA claim against MDE based on Eleventh Amendment immunity.

Respectfully submitted,

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Marissa Wiesen (P85509)
Assistant Attorneys General
Attorneys for Appellant
Michigan Department of Education
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 8909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov
wiesenm@michigan.gov

Dated: January 30, 2025

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.  This reply brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this reply brief contains no more than 6,500 words. This document contains 1,337 words.

2.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Century Schoolbook.

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Assistant Attorney General
Attorney for Appellant MDE

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record (designated below).

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Assistant Attorney General
Attorney for Appellant MDE